**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMETRIA NASH-PERRY, an individual, <br>         Plaintiff, <br> v. <br> CITY OF BAKERSFIELD, et al., <br>         Defendants. | Case No.: 1:18-cv-01512-LJO-JLT <br><br> ORDER GRANTING MOTION TO AMEND COMPLAINT <br><br> [Doc. 20] |

Plaintiff seeks leave to file a third amended complaint. (Doc. 20.) Defendants oppose the request. (Doc. 21.) For the reasons set forth below, Plaintiff's motion for leave to amend is **GRANTED**.

**I. Factual Allegations and Background**

Plaintiff filed her original complaint in this action on October 31, 2018. (Doc. 1.) Defendants filed a motion to dismiss on December 14, 2018. (Doc. 5). The parties then stipulated to allow Plaintiff to file a first amended complaint and once filed, the Defendants would withdraw their motion to dismiss. (Doc. 9; Doc. 10.) The Plaintiff filed a first amended complaint on January 10, 2019 (Doc. 11), and the Defendants withdrew the motion to dismiss on January 11, 2019. (Doc. 12.) Subsequently, the parties again stipulated to allow the Plaintiff to file a second amended complaint. (Doc. 13; Doc. 14.) The Plaintiff filed a second amended complaint on February 7, 2019 (Doc. 15), and the Defendants filed their answer on February 20, 2019. (Doc. 16.)

1

The incident that gave rise to this action occurred on August 19, 2018. (Doc. 15 at 5.) Defendants Officer Alejandro Patino and other unnamed officers were on duty police officers with the City of Bakersfield Police Department and were responding to a call for a domestic violence incident at 4809 Hanh Ave, #46, Bakersfield, California 93304 at approximately 11:30 p.m. (*Id.*) Decedent Christopher Okamota opened one of the two doors to the apartment, where Officer Patino observed Mr. Okamota extending a firearm in his right hand. (Doc. 21 at 6-7.) Officer Patino discharged his weapon striking Mr. Okamoto. (Doc. 21 at 7.) Mr. Okamota ultimately died as a result of his injuries. (Doc. 15 at 6.)

Plaintiff is the biological mother of decedent. Plaintiff alleges that at the time of filing the second amended complaint, Plaintiff was under the mistaken belief that decedent was the biological father of a minor child. (Doc. 20 at 7.) Plaintiff claims that "Decedent's parentage of a child would bar Plaintiff from asserting claims on behalf of the Decedent for unreasonable use of deadly force, state law wrongful death claims under California Code of Civil Procedure § 377.60, Fifth Amendment equal protection and due process violations, and from claiming survival damages as Decedent's successor in interest pursuant to California Code of Civil Procedure § 377.30." (*Id.*)

Plaintiff now seeks leave to file a third amended complaint, on the grounds that she has recently discovered information that gives her standing to bring additional claims on behalf of the decedent. (Doc. 20.) Plaintiff contends that the amendment is within the bounds of the scheduling order and the parameters of Rule 15. Defendants filed their opposition to the motion on June 18, 2019 (Doc. 21), to which Plaintiff filed a reply on June 24, 2019. (Doc. 22.)

**II.  Legal Standards for Leave to Amend**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Defendants do not consent to the filing of an amended complaint, Plaintiff seeks the leave of the Court.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n]

when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III. Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

A. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the amendment sought will be the third amendment to the pleadings. Therefore, this factor weighs against amendment.

B. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving

party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Plaintiff maintains that there is no undue delay by Plaintiff in bringing this request to amend. (Doc. 20 at 13-14.) Specifically, the Plaintiff describes the actions taken since the time she gained information that the decedent was not the biological father of Z.S. and the discussions Plaintiff's counsel has had with Defendants' counsel since then and leading up to the filing of this motion. (Doc. 20 at 14-15.) However, Plaintiff fails to recognize that the alleged newly discovered information does not necessarily impact the survivorship claims now being alleged, and these claims existed at the time the original complaint was filed. More specifically, the fact that decedent is not the biological father of Z.S. does not necessarily impact Z.S.'s standing to bring a survivorship action if the decedent was the child's presumed father. *See* Cal Prob. Code § 6453. Plaintiff could have known facts regarding whether the decedent was the presumed father of Z.S. without knowing whether he was the actual biological father of Z.S. In addition, the plaintiff admits that before the decedent died, he "was under the belief that he may not have been the biological father of Z.S." (Doc. 22-1 at 2) This raises an inference that the plaintiff has known about Z.S.'s lack of biological connection to the decedent for nearly a year.[1]

Additionally, as Defendant notes, Plaintiff appears to be asserting new claims on her own behalf that are not related to the claimed newly discovered information, such as the Fifth Amendment equal protection and due process claim. (Doc. 21 at 10-11.) Plaintiff fails to explain the delay in bringing claims that are not related to the successor in interest claims. Therefore, this factor weighs against granting Plaintiff's motion to amend.

///

---

[1] The Court notes that the plaintiff failed to present any evidence until she filed her reply papers. Then, the declaration she offers contains no firsthand knowledge and constitutes only hearsay. She offers no explanation why she believes the Court should consider this evidence despite that she deprived the defense of the ability to address it. The failure to produce the evidence in connection with the moving papers is striking given that she refused to provide it to defense counsel during the meet-and-confer discussions related to whether the defense would stipulate to the filing of the amended complaint.

4

C. Bad faith

There is no evidence before the Court suggesting Plaintiff acted in bad faith in seeking the proposed amendment. Therefore, this factor does not weigh against granting leave to amend.

D. Futility of amendment

Futility may be found where the proposed claims duplicate existing claims or are patently frivolous, or both. *See Bonin*, 59 F.3d at 846. In addition, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Further, a court may find a claim is futile if it finds "inevitability of a claim's defeat on summary judgment." *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)). A proposed amendment is futile, if it cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) (reh'g en banc *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller*, 845 F.2d at 214.

Due to the dearth of evidence whether the decedent was the presumed natural father to Z.S.[2] or whether this presumption has been rebutted it is not clear whether the amendment is futile.[3] Though it may, ultimately, be attacked under Rule 56, there is no certainty whether it would be granted. Likewise, it does not appear that a motion under 12(b) could be successful. Thus, the Court cannot find as a matter of law that the amendment would be futile.

E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N'*

---

[2] Indeed, there is no evidence whether the decedent filed a voluntary declaration of paternity.

[3] Likewise, it is not clear whether the amendment may be filed consistent with the requirements of Rule 11. Before the amended complaint may be filed, the plaintiff and her counsel SHALL ensure that it is properly brought. Failure to do so will result in the imposition of sanctions and, if a Rule 56 motion demonstrates the failure to investigate the new claims, may result in an award to defendants.

*Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Plaintiff maintains that no undue prejudice would result if the Court grants leave to amend, arguing that the main inquiry in this matter, whether the officers acted lawfully when they shot the decedent, is not altered by any of Plaintiff's proposed amendments. (Doc. 20 at 16.). In support of their argument that they would suffer prejudice if leave to amend were granted, the defendants state only that they would have to prepare a different discovery plan. (Doc. 21 at 13.) To the extent that the additional claims would require the parties to propound more or different discovery, the deadline for doing so is eight months away. (*See* Doc. 19 at 3.) Accordingly, the amendment would not cause the need for discovery to be re-opened, and the proceedings will not be delayed. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (explaining that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"). Thus, the Defendants have failed to meet their burden of showing prejudice. *See DCD Programs*, 833 F.2d at 187; *Beeck.*, 562 F.2d at 540. Consequently, this factor weighs in favor of granting leave to amend.

**IV. Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file the third amended complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to amend (Doc. 20) is **GRANTED**; and
2. Plaintiff **SHALL** file her amended complaint within three days.

IT IS SO ORDERED.

Dated: __July 8, 2019__     __/s/ Jennifer L. Thurston__
UNITED STATES MAGISTRATE JUDGE