| | |
|---|---|
| 1 | **RODNEY S. DIGGS, ESQ. (SBN 274459)** |
| 2 | rdiggs@imwlaw.com<br>**IVIE McNEILL WYATT PURCELL & DIGGS, APLC** |
| 3 | 444 S. Flower St., Suite 1800<br>Los Angeles, CA  90071 |
| 4 | Tel: (213) 489-0028; Fax: (213) 489-0552 |
| 5 | **BRIAN T. DUNN, ESQ. (SBN 176502)** |
| 6 | Email: bdunn@cochranfirm.com<br>**JAMES A. BRYANT II, Esq. (SBN 255652)** |
| 7 | Jbryant@cochranfirm.com |
| 8 | **THE COCHRAN FIRM CALIFORNIA**<br>4929 Wilshire Boulevard, Suite 1010 |
| 9 | Los Angeles, California 90010 |
| 10 | Telephone: (323) 435-8205<br>Facsimile: (323) 282-5280 |
| 11 | |
| 12 | Attorneys for Plaintiffs **TAMETRIA NASH-PERRY, JASON OKAMOTO and Z.S. by and through her Guardian Ad Litem, Brittney Saucedo** |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMETRIA NASH-PERRY, an individual<br>            Plaintiff,<br>vs.<br>CITY OF BAKERSFIELD, OFFICER ALEJANDRO PATINO, and DOES 1-10, Inclusive,<br>            Defendants. | CASE NO.: 1:18−cv−01512−LJO−JLT (Consolidated with Case No. 1:19-CV-01125)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO FILE EXHIBIT UNDER SEAL**<br>**(Doc. 69)** |
| JASON OKAMOTO, individually and as successor-in-interest to CHRISTOPHER OKAMOTO, Deceased, "Z.S.," a minor by and through her Guardian ad Litem, Brittney Saucedo,<br>      Plaintiffs,<br>v. | |

1

|   |
|---|
| CITY OF BAKERSFIELD; OFFICER ALEJANDRO PATINO; DOES 1-20, inclusive,<br><br>Defendants |

The plaintiffs have filed a motion to file photos from the autopsy of their decedent under seal (Doc. 69) *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). In general, documents filed in civil cases are presumed to be available to the public. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); see also *Kamakana* at 1178 (9th Cir.2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. *EEOC* at 170.

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Likewise, Local Rule 141 requires a demonstration of the compelling need for the information to be shielded from public view. L.R. 141(b).

The Court has reviewed the records at issue. The Court agrees that they contain private medical information that should not be disclosed on the public docket. Many of the photos are graphic in the extreme and there is no purpose to displaying them on the public

docket.  Based upon the foregoing, the Court ORDERS:

     1.     The plaintiffs' request to seal Exhibit 12 to the declaration of James A. Bryant is GRANTED.

     2.     Within three court days, the plaintiffs SHALL email the relevant documents, specifically, those documents that were filed with redactions, to ApprovedSealed@caed.uscourts.gov for filing under seal.

IT IS SO ORDERED.

Dated:  **July 28, 2021**            **/s/ Jennifer L. Thurston**
                                             CHIEF UNITED STATES MAGISTRATE JUDGE