**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMETRIA NASH-PERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, OFFICER ALEJANDRO PATINO, and nominal defendant JASON OKAMOTO,<br><br>　　　　Defendants. | Case No.: 1:18-cv-01512 JLT BAK (SAB)<br><br>ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW CONSENT<br>(Doc. 87)<br><br>ORDER FINDING GOOD CAUSE AND VACATING REFERENCE OF THE ACTION TO A MAGISTRATE JUDGE |
| JASON OKAMOTO, individually and as successor-in-interest to CHRISTOPHER OKAMOTO, and Z.S., by and through her guardian ad litem, Brittney Saucedo,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BAKERSFIELD and OFFICER ALEJANDRO PATINO,<br><br>　　　　Defendants. | |

　　Tametria Nash-Perry, Jason Okamoto, and minor Z.S. seek to hold Bakersfield Police Officer Alejandro Patino and the City of Bakersfield liable for the fatal shooting of Christopher Okamoto under federal and state law. (*See generally* Doc. 38.) Previously, all parties indicated their

1

willingness to consent to magistrate judge jurisdiction for all further proceedings, including entry of final judgment, as provided by 28 U.S.C. § 636(c)(1).  Therefore, the action was reassigned to a magistrate judge.  (Doc. 58.)  The City of Bakersfield and Officer Patino now seek to withdraw their consent to proceed before a magistrate judge.  (Doc. 87.)

The Court finds the matter suitable for decision without oral arguments, and no hearing date will be held pursuant to Local Rule 230(g) and General Rule 618.  For the reasons set forth below, Defendants' motion is **DENIED**.  However, good cause appearing, the reference to a magistrate judge is **VACATED**.

## I.     Consent to Magistrate Judge Jurisdiction

A party to a federal civil case generally has a constitutional right to proceed before an Article III judge, but this right may be waived.  *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993).  Upon the consent of all parties to the jurisdiction of magistrate judge for all further proceedings pursuant to 28 U.S.C. § 636(c)(1), an action may be referred to a magistrate judge.  *See id.*; *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019).

Importantly, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon*, 990 F.2d at 480; *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987) (upholding the denial of motion to withdraw consent). As explained by the Fifth Circuit, once a right—even a fundamental right— is knowingly and voluntarily waived, a party has "no constitutional right to recant at will." *Id.* at 1021.  Thus, after all parties have consented and the civil action is referred to a magistrate judge, "the reference can be withdrawn only 'for good cause shown on [the court's] own motion, or under extraordinary circumstances shown by any party.'"  *Dixon*, 990 F.2d at 480 (quoting 28 U.S.C. § 636(c)(4)). The showing of "extraordinary circumstances… is a high bar that is difficult to satisfy."  *Branch*, 936 F.3d at 1004 (citation omitted).

## II.    Discussion and Analysis

The City and Officer Patinio seek to withdraw their consent to proceed before a magistrate judge asserting they "did not "intend to consent to *any* Magistrate Judge," but rather their consent was based upon the fact that the undersigned was the magistrate judge for the matter, and the case would be heard "at the Federal Court house in Bakersfield, California, where the parties and witnesses are

located." (Doc. 87 at 2, emphasis in original.) Following the undersigned's elevation to the position of U.S. District Judge, the defendants learned "the case was going to be reassigned to a different magistrate judge." (Doc. 87-1 at 4.) Michael Marderosian, counsel for Defendants, maintains he and his clients intended to consent *only* to the undersigned, and "[n]othing contained in the Consent papers indicated that it was possible that the case could get reassigned." (Doc. 87-2 at 2-3, ¶¶ 5-6; *see also* Doc. 87-1 at 5.)

Notably, the defendants elected to complete the Court's consent form, which does not identify a specific magistrate judge to which the parties consent. Rather, the form states:

> In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have **a** United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgement, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

(*See* Doc. 7 at 1, emphasis added.) By completing this check-box form, the defendants consented to the assignment of "a" Magistrate Judge, and there was no guarantee by the Court that matters will remain with the randomly assigned District Judge or Magistrate Judge. Cases are subject to reassignment for many reasons, including when related matters are pending, cases are consolidated, a judge moves to senior status, court efficiency, or upon the recusal of a presiding judge. Accordingly, the Court is unable to find "exceptional circumstances" exist for withdrawal of consent based merely upon a belief that the undersigned would remain the presiding judge. *See, e.g., M&I Marshall & Ilsley Bank v. McGill*, 2011 WL 2464184, at *1-2 (D. Az. June 21, 2011) (rejecting the argument that consent was limited to the magistrate judge initially assigned to the matter and finding the assignment to a new magistrate judge did not result in "extraordinary circumstances"). For this reason, the motion to withdraw consent is denied.

Nevertheless, the Court also considers whether there is any other good cause for withdrawal of the referral to a magistrate judge, as such consideration may be made on the Court's own motion. *See* 28 U.S.C. § 636(c)(4). The undersigned was assigned to the matter since its inception in 2018, is familiar with all claims and the arguments presented in this action and issued a ruling on the motion for summary judgment. (*See* Doc. 79.) Because the matter is ready for trial, a newly assigned magistrate judge would be forced to spend significant time to become familiar with matter prior to presiding over

the trial.  In the interest of judicial economy— and in acknowledgement of the Court's scarce resources in its current state of judicial emergency—good cause exists to revoke the referral of the action to a magistrate judge.

### III.     Conclusion and Order

Based upon the foregoing, the Court **ORDERS:**

1. Defendants' motion to withdraw consent to magistrate judge jurisdiction (Doc. 87) is **DENIED**.
2. Good cause appearing therefor, reference of the action to a magistrate judge is **VACATED**; and
3. The action shall remain assigned to United States District Judge for all further proceedings, including trial.
4. The jury trial is **CONTINUED** to August 1, 2022[1].

IT IS SO ORDERED.

Dated:    **February 11, 2022**

_____
UNITED STATES DISTRICT JUDGE

---

[1] The parties may stipulate to a difference trial date—either before or after this date—but the SHALL clear the date before submitting the stipulation.