# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMETRIA NASH-PERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, OFFICER ALEJANDRO PATINO, and nominal defendant JASON OKAMOTO,<br><br>　　　　Defendants.<br><br>_____<br><br>JASON OKAMOTO, individually and as successor-in-interest to CHRISTOPHER OKAMOTO, and Z.S., by and through her guardian ad litem, Brittney Saucedo,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BAKERSFIELD and OFFICER ALEJANDRO PATINO,<br><br>　　　　Defendants. | Case No.: 1:18-cv-1512 JLT CDB<br><br>ORDER DENYING DEFENDANTS' MOTION TO TRIFURCATE THE TRIAL<br><br>(Doc. 184) |

Tametria Nash-Perry, Jason Okamoto, and minor Z.S. seek to hold Bakersfield Police Officer Alejandro Patino and the City of Bakersfield liable for the fatal shooting of Christopher Okamoto under federal and state law. (*See generally* Doc. 38.) The Court held a trial in this action. After the jury was

1

unable to reach a unanimous verdict, the Court declared a mistrial. (Doc. 157.)

Defendants now request that the Court trifurcate the second trial into three phases: (1) liability, (2) damages, and (3) punitive damages. (Doc. 184.) Plaintiffs filed their opposition to the motion on September 19, 2023[1] (Doc. 178), to which Defendants filed a reply on September 28, 2023 (Doc. 190).

## II.     Motion to Bifurcate the Trial (Doc. 103)

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *See also Arthur Young & Co. v. U.S. District Court*, 549 F.2d 686, 697 (9th Cir. 1977). The decision to bifurcate a trial— or as now requested, trifurcate—is within the sound discretion of the trial court. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985); *see also Motley v. City of Fresno*, (E.D. Cal. July 5, 2020) (observing the Court "has broad discretion to order bifurcation or trifurcation") (citation omitted). The decision to try separate issues or claims "is dependent on the facts and circumstances of each case." *Stevenson v. Holland*, 504 F. Supp. 3d 1107 (E.D. Cal. 2020) (citation omitted).

Courts consider several factors to determine whether bifurcation or trifurcation is appropriate under Rule 42, including "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result" from bifurcation. *Green v. Baca,* 226 F.R.D. 624, 630 (C.D. Cal. 2005); *see also Estate of Diaz v. City of Anaheim,* 840 F.3d 592, 601 (9th Cir. 2016) (indicating a trial may be divided "to avoid the risk of prejudice"). Separate trials under Rule 42(b) may "defer[] costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Rios v. Tilton*, 2016 WL 29567 at *16 (E.D. Cal. Jan. 4, 2016). Notably, the "separation of issues for trial is not to be routinely ordered." *Hamm v. Am. Home Prods. Corp.*, 888 F.

---

[1] As Defendants observe, Plaintiffs' response to the motion was untimely. To the extent Defendants' motion may be considered a motion in limine, any response was to be filed no later than September 15, 2023. (*See* Doc. 173.) Even if the Court considered the motion as a general civil motion, any opposition was due no later than September 13, 2023. *See* Local Rule 230(c) (indicating the opposition to any motion "shall be filed and served no later than fourteen (14) days after the motion was filed"). Plaintiffs are reminded of the warning issued by this Court on October 26, 2023, that <u>future failure to comply with deadlines ordered by this Court and imposed by the Local Rules may result in the imposition of sanctions, including striking untimely briefs</u>. (*See* Doc. 192 at 5, n. 4.)

Supp. 1037, 1039 (E.D. Cal. 1995) (citation omitted).  Nevertheless, with claims arising under 42 U.S.C. § 1983, "[c]ourts routinely bifurcate liability and punitive damages claims." *Motley v. City of Fresno*, 2020 WL 3642502 at *2, n.1 (E.D. Cal. July 5, 2020).

**III.    Discussion and Analysis**

Defendants assert the Court should trifurcate the trial into three phases: (1) liability, (2) damages, and (3) punitive damages.  (Doc. 184.)  Defendants believe having separate trials for liability and damages "will avoid the threat of jury confusion arising from the factual proof required for liability versus damages, will further convenience the court and jury, and is conducive to expedition and economy."  (*Id.* at 4, citations omitted.)  Defendants contend:

> Testimony as to Mr. Okamoto's and the Plaintiffs' damages, including emotional and physical damages, has no bearing on whether Officer Patino used excessive force during the incident. Whether Mr. Okamoto lived any appreciable amount of time and whether he endured any pain and suffering also has no bearing on whether the conduct of Officer Patino was reasonable when he believed Mr. Okamoto was pointing a gun at him and therefore posed an imminent deadly threat to him and others.

(*Id.* at 4.)  According to Defendants, "Evidence of Mr. Okamoto and the Plaintiffs' damages before determination of liability is irrelevant under Fed. R. Civ. Proc. 401 and extremely prejudicial to Defendants under Fed. R. Evid. 403."  (*Id.* at 4-5.)  Defendants argue that "[t]he only purpose in allowing such evidence during the liability phase is to bias the jury in favor of the Plaintiffs and Mr. Okamoto by playing on the jurors' sympathies." (*Id.*)  Rather, Defendants suggest the testimony of Plaintiffs and the coroner could occur after the liability phase, and that "[i]f Plaintiffs do not prevail as to liability, a full day of testimony would be saved." (*Id.* at 4, n.1.)

Plaintiffs oppose trifurcation of the trial, asserting that the issues "should be resolved in a single, plenary trial." (Doc. 189 at 4.)  Plaintiffs believe they would be forced to wait for three different juries to be empaneled for the three different phasis and contend this process would prejudice Plaintiffs because they "have the right to have their entire case heard by the same jury (the ultimate finder of fact)."  (*Id.* at 4-5.)  In addition, Plaintiffs assert they "have a right to act under the assumption that they will be able to present their entire case at the same time." (*Id.* at 5.)  Plaintiffs assert they "already lined up witnesses, experts and evidence with [a single trial] in mind." (*Id.*)  Plaintiffs contend this "is a garden variety wrongful death case where Plaintiffs have to prove causation and damages," and if the

3

Court were to accept Defendants' arguments, then "every single wrongful death case should be trifurcated 'in the interest of judicial []economy.'" (*Id.*) Thus, Plaintiffs maintain damages and punitive damages should be tried with liability. (*Id.* at 6-9.)

Although the first trial was bifurcated with the intention that only a single jury would determine all questions, whether they arose in the first or second phase, Plaintiffs' objection is curiously predicated on a clear misunderstanding of the Court's procedure when conducting a trial in phases. As with the first trial, in the upcoming trial—whether it proceeds in a single phase, it is bifurcated, or it is trifurcated—the relevant questions will be determined by a single jury. Thus, Plaintiffs' concerns related to being "forced to have to prepare for trial a second time and [a] third time" before different juries are unconnected to reality.

Even still, the Court agrees that the arguments presented by Defendants could be applied to nearly any case raising claims for wrongful death and negligence. More pointedly, Defendants do not address the fact that Plaintiffs have raised a negligence claim. (*See generally* Doc. 184.) A negligence claim under California law *requires* a plaintiff to establish damages as an element of the claim. *See Ileto v. Glock, Inc.,* 349 F.3d 1191, 1203 (9th Cir. 2003) (indicating that to succeed on a claim for negligence, a plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages"). Separating the elements of a single claim poses a significant risk of causing confusion as to what is required to find liability for negligence.

As this Court previously observed in a case involving excessive force and negligence claims: "In so far as the liability evidence and damages evidence are entwined, bifurcating trial would raise additional line-drawing questions as to what evidence is relevant and admissible at the separate mini-trials." *Stevenson v. Holland*, 504 F.Supp.3d 1107, 1127 (E.D. Cal. 2020). In *Stevenson*, the Court also noted that bifurcating liability and damages "despite entwined evidence portends to prolong the proceeding, something that inherently carries greater risk of prejudice [to the plaintiff]." *Id.* As a result, the Court declined the defendant's motion to conduct separate phases for liability and damages. As in *Stevenson,* the Court finds the proposed trifurcation would not expedite and economize the trial, given the likelihood of overlapping evidence related to damages.

As with the first trial, the retrial will proceed in two phases. The Court will bifurcate the issue of

4

the amount of punitive damages, if the jury first determines that punitive damages should be imposed. This will not prejudice Plaintiffs, who may present evidence related to punitive damages immediately after a favorable verdict, to the same jury.  As the Court previously determined, this bifurcation expedites and economizes the trial by precluding the presentation of the financial status of the defendants unless and until it is necessary.  *See Figueroa v. Gates*, 207 F. Supp. 2d 1085, 1101-02 (C.D. Cal. 2002) (finding bifurcation of the punitive damages in an action arising under 42 U.S.C. § 1983 would "promote convenience and efficiency"); *see also Stevenson*, 504 F.Supp.3d at 1127 (bifurcating the trial into separate phases for [1] liability, liability damages amounts and whether punitive damages are warranted, and [2] punitive damage amounts (if necessary)"); *Carr v. City of San Diego*, 2022 WL 2161513, at *1 (S.D. Cal. June 15, 2022) (noting the court bifurcated an excessive force trial into two phases: "with the first phase to decide liability, compensatory damages, and Plaintiff's entitlement to punitive damages, and the second phase, if needed, to determine the amount of punitive damages and Defendants' ability to pay").  Accordingly, the Court exercises its discretion to adhere to the bifurcation order established for the first trial.

## IV.     Conclusion and Order

For the reasons set forth above, the trial shall proceed in two phases.  Evidence and arguments relating to the amount of punitive damages will be excluded from the first phase of the trial, although whether Plaintiffs are entitled to an award of punitive damages will be determined in the first phase. Accordingly, Defendants' motion to trifurcate (Doc. 184) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 29, 2023**

UNITED STATES DISTRICT JUDGE