**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMETRIA NASH-PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, OFFICER ALEJANDRO PATINO, and nominal defendant JASON OKAMOTO,<br><br>    Defendants.<br>_____<br>JASON OKAMOTO, individually and as successor-in-interest to CHRISTOPHER OKAMOTO, and Z.S., by and through her guardian ad litem, Brittney Saucedo,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF BAKERSFIELD and OFFICER ALEJANDRO PATINO,<br><br>    Defendants. | Case No.: 1:18-cv-1512 JLT CDB<br><br>ORDER INFORMING THE PARTIES THE TRIAL SHALL PROCEED AS SCHEDULED FOR FEBRUARY 13, 2024 |

Tametria Nash-Perry, Jason Okamoto, and minor Z.S. seek to hold Bakersfield Police Officer Alejandro Patino and the City of Bakersfield liable for the fatal shooting of Christopher Okamoto under federal and state law.  (*See generally* Doc. 38.) The trial is set for February 13, 2024.

1

On January 26, 2024, the parties filed a stipulation that the trial be continued to March 4, 2025, reporting difficulties with trial schedules and a desire to discuss settlement. In particular, Plaintiffs' counsel reported trials set in *Virginia Zaragoza, et al. v. County of Riverside*, *et al.*, 5:20-cv-01381 SSS-SP in Riverside, California on January 29, 2024; and *Elise Brown v. County of San Bernardino*, *et al.*, 5:20-cv-01116-MCS (SPx) in San Bernardino, California on March 5, 2024. (Doc. 198 at 2.) The Court found the information provided did not show good cause for continuing the date. In so finding, the Court observed: "[T]here is no indication that the trials in which plaintiffs' counsel will be engaged in January or March will be impacted by the trial in this case. If there is concern that this will occur, counsel have not explained why, when they selected the current trial date a year ago, they selected a date on which they had conflicts." The Court allowed counsel to submit a new stipulation supported by good cause and informed the failure to do so would result in the trial proceeding as currently scheduled. (Doc. 199.)

In response, the parties filed a "Joint Statement Regarding the Trial Date." (Doc. 201.) Plaintiffs' counsel were available for trial when they agreed upon the date in this action. Plaintiffs' counsel report the trials in *Zaragoza* and *Brown* were initially set for 2023, and they "could not foretell that the trials in *Zaragoza* and *Brown* would be continued into 2024, and that the *Zaragoza* trial would overflow into the trial for *Perry*." (*Id.* at 2-3.) Counsel assert that the *Zaragoza* trial "is not scheduled to end until on or around February 15, 2024" and they are "not able to determine how long the jury will be out for deliberation." (*Id.* at 3, emphasis omitted.) Plaintiffs' counsel maintain that they "did not and would not schedule a trial on a date that would conflict with other trial schedules, including the trial in *Perry*." (*Id.* at 3-4.) Defendants indicate they are willing to trail until February 15, 2024. (*Id.* at 4.)

Review of the docket of the Central District indicate that trial commenced in *Zaragoza* on January 29, 2024.[1] In the Civil Trial Order, the Court indicated the trial was estimated to last 7 days. (*Zaragoza*, Case No. 20-cv-1381-SSS-SP, Doc. 65 at 3.) After holding the Final Pretrial Conference

---

[1] On April 5, 2023—after the trial date was set in this action—the parties in *Zaragoza* stipulated to continue the trial from August 21, 2023, to January 30, 2024. (*Zaragoza*, Case No. 20-cv-1381-SSS-SP, Doc. 78 at 4.) The court approved the stipulation in part, amending the trial date to start one day earlier than stipulated, on January 29, 2024. (*Zaragoza*, Case No. 20-cv-1381-SSS-SP, Doc. 79 at 3.)

2

with the parties, the Court ordered: "Each party will be afforded 12 hours to present its case. The time that a party spends conducting opening/closing statements and examining a witness (whether by direct examination, cross-examination, re-direct, or otherwise) will count against that party's 12 hours." (*Zaragoza*, Case No. 20-cv-1381-SSS-SP, Doc. 144 at 1.) Nothing in the Final Pretrial Conference Order indicates the end of the trial is scheduled for February 15, 2024.

Once again, the docket in *Brown* indicates that the court granted counsel the opportunity to address whether they were available for trial beginning on March 5, 2024, and affirmed this date. The Court had previously entered a stay pending disposition of a writ of certiorari and indicated its intent to lift the stay on December 21, 2023. (*Brown*, Case No. 5:20-cv-01116-MCS-SP, Doc. 203.) At that time, the Court indicated it reviewed unavailability dates from the defendants and was "inclined to set a final pretrial conference date of February 12, 2024, and a trial date of March 5, 2024." (*Id.*) Counsel for the plaintiffs—the same attorneys as in this action—were ordered to file a report "either affirming their availability for these dates or explaining why they are unavailable and providing a complete report of their availability for trial before April 2024." (*Id.*) In response, on December 29, 2023, counsel affirmed they were "available for a trial date of March 5, 2024." (Case No. 5:20-cv-01116-MCS-SP, Doc. 204 at 2.) **Counsel also reported that "lead trial attorney, Rodney Diggs, will be out [of] the country on February 12th for a wedding**," but James Bryant was "available for a pretrial conference date of February 12, 2024." (*Id.*) Counsel did not inform the Court of the pending trial date in this action.

Based upon the information concerning *Brown* and *Zaragoza*, the Court does not find good cause to continue the trial date. The Court is stymied by the fact that the dockets in these actions indicate information different from plaintiffs' counsel representation. Rather than demonstrating that the trial dates in these action conflict with *Nash-Perry*—or that the date in the *Brown* matter was set unilaterally by the court—it appears that *Zaragoza* should complete relatively quickly, and the *Brown* trial need not have started by March 4, except that plaintiffs' counsel failed to tell the court of the trial happening in this case.

Thus, **the Court intends to proceed with the trial as scheduled for February 13, 2024— though it may trail the action for a day or two until the jury begins to deliberate in the trial the**

3

**Court will begin next week finishes**.  Nevertheless, Plaintiffs' counsel may demonstrate with evidence that the disparity noted above between their account of the events and the docket information recited above—or otherwise respond to the Court's stated intention— no later than **the close of business on Friday, February 2, 2024**.

IT IS SO ORDERED.

Dated:   **January 31, 2024**

UNITED STATES DISTRICT JUDGE